UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DERRICK WILLIAMS,                                          **Case Number:**

                    Plaintiff,

      - against -                                             **COMPLAINT**

THE UNITED STATES OF AMERICA, U.S.
DEPARTMENT OF JUSTICE, FEDERAL BUREAU
OF PRISONS and METROPOLITAN
CORRECTIONAL CENTER


                    Defendants.
------------------------------------------------------------------X

      The plaintiff, DERRICK WILLIAMS, complaining of the defendants by his attorney, RICHARD L. GIAMPA, ESQ., P.C. d/b/a GIAMPA LAW, respectfully shows to this Court and alleges as follows upon information and belief:

## PARTIES

      1.    At all relevant times, plaintiff DERRICK WILLIAMS, was a citizen of the United States and a resident at METROPOLITAN CORRECTIONAL CENTER, 150 Park Row, New York, New York and is currently being held at the George R. Vierno Center, 09-09 Hazen Street, East Elmhurst, NY 11370.

      2.    The defendant METROPOLITAN CORRECTIONAL CENTER is a federal agency operating under the auspices of the Federal Bureau of Prisons, U.S. Department of Justice and the United States of America, with its principal place of business located at 150 Park Row, New York, New York 10007.

      3.    The defendant the FEDERAL BUREAU OF PRISONS is a federal agency operating under the auspices of the U.S. Department of Justice and the United States of America,

with a Northeast Regional Office located at 200 Chestnut Street, Philadelphia, Pennsylvania 19106.

4. The defendant at U.S. DEPARTMENT OF JUSTICE is a federal agency with its principal place of business being located at 950 Pennsylvania Avenue, Washington, D.C.

5. The defendant at UNITED STATE OF AMERICA is a federal entity with its principal place of business being located in Washington, D.C.

## JURISDICTION AND VENUE

6. Jurisdiction for this action in the United States District Court arises under 28 U.S.C. Section 1346(b) as the defendants are responsible for the care and maintenance of the Metropolitan Correctional Center and its associated common areas. Also, jurisdiction is proper under the Federal Torts Claims Act, 28 U.S.C. 2675(a) which provide that a tort claim which is administratively denied may be presented to a Federal District Court for judicial consideration. Venue is proper under 28 U.S.C. Section 1391 and 28 U.S.C. Section 1402 based on the location of the occurrence, plaintiff's residence at Metropolitan Correctional Center and the property owned and maintained by the defendants is located within this judicial district.

## ADMINISTRATIVE PROCEEDINGS

7. On May 17, 2016, plaintiff served defendants with an Administrative Claim for Injury which was properly received on May 26, 2016 (Claim # TRT-NER-2016-04356) regarding an incident which occurred on March 20, 2016. On November 28, 2016 plaintiff's counsel received a letter denying plaintiff's claim and giving him six months to bring an action against the United States in United States District Court. On May 1, 2017 an amended and supplemental Administrative Claim for Injury was served on defendants. To date an

acknowledgment from the defendants has not been received. The amount in controversy exceeds $75,000.00.

8. The claim was filed within two (2) years of the date of incident with the United States Government, U.S. Department of Justice, Federal Bureau of Prisons and this action has been commenced within six (6) months of receipt of the defendants' final denial letter.

9. Plaintiff is not barred from bringing the within action in Federal Court and plaintiff invokes the supplemental jurisdiction of this Court under 28 U.S.C. § 1367 to hear and decide claims arising under state law.

## **FACTUAL ALLEGATIONS**

10. Upon information and belief, defendant UNITED STATES OF AMERICA at all times herein mentioned owned, operated, maintained, staffed and controlled the Metropolitan Correctional Center located at 150 Park Row, New York, New York 10007.

11. Upon information and belief, defendant U.S. DEPARTMENT OF JUSTICE at all times herein mentioned owned, operated, maintained, staffed and controlled the Metropolitan Correctional Center located at 150 Park Row, New York, New York 10007.

12. Upon information and belief, defendant METROPOLITAN CORRECTIONAL CENTER at all times herein mentioned owned, operated, maintained, staffed and controlled the Metropolitan Correctional Center located at 150 Park Row, New York, New York 10007.

13. Upon information and belief, defendant FEDERAL BUREAU OF PRISONS at all times herein mentioned owned, operated, maintained, staffed and controlled the Metropolitan Correctional Center located at 150 Park Row, New York, New York 10007.

14. Upon information and belief, United States Government, U.S. Department of Justice, Federal Bureau of Prisons and Metropolitan Correctional Center maintains responsibility

for the maintenance and oversight of the Metropolitan Correctional Center (Hereinafter referred to as MCC) including its common areas used by its inmates.

15. Upon information and belief the United States of America, U.S. Department of Justice, Federal Bureau of Prisons and Metropolitan Correctional Center had a reasonable duty to keep the common areas at MCC free from slipping hazards to provide safe egress for all persons using said facility.

16. At all times mentioned, the defendants hired and/or employed certain staff, correction officers, officers, janitors, administrative aides and prison personnel at the aforesaid MCC.

17. That at all times herein mentioned, the aforesaid staff, correction officers, officers, janitors, administrative aides and prison personnel were employees of the defendants and in doing the things hereinafter mentioned, were acting with the consent, express and implied and within the scope of their employment and authority as such agents and employees of defendants.

18. That at or about March 20, 2016 plaintiff, while an inmate at MCC, was in housing unit 7 South and using the computers in the minutes preceding 9:20pm.

19. That on March 20, 2016 and the days preceding other inmates would use the same common area near the computers in housing unit 7 South to wring out and hang their wet clothes and/or laundry to dry. This led to the floor becoming wet and slippery with the water dripping from the wet clothes.

20. Upon information and belief that the aforesaid staff, correction officers, officers, janitors, administrative aides and prison personnel were aware of this custom and practice to hang wet laundry in the 7 South common area and knew that it led to slippery floors.

21. That on March 20, 2016 and the days preceding the aforesaid staff, correction officers, officers, janitors, administrative aides and prison personnel allowed the inmates to hang their wet laundry in the housing unit 7 South common area while being well aware that it led to wet floors and slippery walking conditions.

22. That on March 20, 2016 and the days preceding the aforesaid staff, correction officers, officers, janitors, administrative aides and prison personnel failed to mop, dry or otherwise clean the wet floors created by the dripping water in the housing unit 7 South common area.

23. That on March 20, 2016 and the days preceding the aforesaid staff, correction officers, officers, janitors, administrative aides and prison personnel failed to block off the wet area, or use any signage to warn persons walking in the common area that the floor was wet and slippery.

24. That as a result of the actions and/or non-actions of the defendants there was created an instrument of harm and a hazardous condition.

25. That as a result of the defendants failure to take any steps to prevent or warn of a slipping hazard on March 20, 2016 at approximately 9:20pm the plaintiff, DERRICK WILLIAMS, got up from the computer and attempted to walk across the floor of the common area at housing unit 7 South and was caused to slip and fall on water which had collected on the common area floor.

26. That heretofore and on the days prior to March 20, 2016 the water collecting on the housing unit 7 South floor was present and there to be seen by anyone inspecting the premises prior to the accident.

27. Upon information and belief, the defendants had a duty to the inmates and public

utilizing the common area in housing unit 7 South to inspect those premises to determine if undo hazards existed and if remedial actions needed to be taken, rules needed to be implemented to prevent these hazards from being created or warning signs warning of the presence of hazardous conditions needed to be posted.

28. That as a result of the aforesaid plaintiff's fall he was forced to suffer extensive and severe injuries including a fractured right ankle and leg requiring surgical intervention.

29. That on June 23, 2016 at approximately 6:30am while the plaintiff was attempting to ambulate across his cell with the use of crutches he was caused to slip and fall due to water accumulating on his cell floor. The water hazard was created from a broken water pipe which leaked onto his floor.

30. That as a result of the aforesaid plaintiff's June 23, 2016 fall he was forced to suffer an exacerbation of his previous right ankle and leg injury.

## CAUSE OF ACTION

31. The Plaintiff DERRICK WILLIAMS hereby re-alleges and incorporates by reference each and every allegation above as if fully set forth herein.

32. That as a result of the negligence of the defendants, jointly and severely, the plaintiff was caused to fall causing the aforementioned severe injuries resulting in pain and suffering, permanent loss of range of motion, permanent scarring and a loss of use and enjoyment of the use of right ankle, foot and leg, severe emotional trauma and other related injuries.

33. That the accidents and resulting injuries were caused solely by the negligence of the defendants without any negligence on behalf of the plaintiff contributing thereto.

34. That as a direct and proximate result of the negligent acts of the defendants described above, the plaintiff has been injured in the amount of ONE MILLION DOLLARS ($1,000,000.00)

**WHEREFORE,** plaintiff demands the following relief against defendants, jointly and severally:

(a) a judgment declaring the actions and conduct of defendants negligent;

(b) full and fair compensatory damages in an amount to be determined by a jury;

(c) punitive damages in an amount to be determined by a jury;

(d) pre- and post-judgment interest; and

(f) such other and further relief as this Court may deem just and proper.

## DEMAND FOR A JURY TRIAL

A jury trial is hereby demanded.

Dated: Bronx, New York
May 10, 2017

Yours, etc.,

S/ _____
RICHARD L. GIAMPA, ESQ., P.C.
Attorney for the Plaintiff
DERRICK WILLIAMS
860 Grand Concourse, Suite 1H
Bronx, New York 10451
(718) 665-7700